### FOSTER et al. v. BUTLER BROS.

### No. 13042.

Court of Civil Appeals of Texas. Dallas.

June 27, 1941.

E. J. Elam and Marshall McCullough, both of Dallas, for appellants.

Fred J. Dudley, of Dallas, for appellee.

YOUNG, Justice.

In the trial court, certain personal property was the subject of adverse claims. Previously, Butler Brothers, as plaintiff (appellee here) had sued T. H. Smith and Angie Lyons, a feme sole, alleged to be partners engaged in business at 2207 Hall Street, Dallas, under trade name of Cafe Drug Store. The action was for goods, wares, and merchandise sold to these parties between April and September, 1939, in amount of $493.55. Upon judgment, execution issued to the constable of precinct No. 1, who levied upon enumerated fixtures of said Cafe Drug Store, including a soda fountain; and, after due notice, the sale was made, with Butler Brothers as the highest bidder. The constable's bill of sale thereupon vested in the purchaser all right, title and interest of T. H. Smith and Angie Lyons in and to aforesaid personal property as of November 7, 1939; but the successful bidder was not placed in possession. Then followed the present suit, in the nature of trial of right of property, defendants (appellants here) being Maurice Foster, Sr., Maurice Foster, Jr., R. V. Hunt Smith and husband, T. H. Smith. Appellee Butler Brothers prayed for title and possession of said fixtures, alleging generally that prior to furnishing T. H. Smith the goods represented by the judgment, the latter was operating said Cafe Drug Store; and, in a financial statement, represented himself as owner, on which plaintiff relied in selling its merchandise; that at and

after such time, defendants were in conspiracy to defraud plaintiff relative to the purchases aggregating $493.55, and had transferred title to the drug fixtures among themselves; placing sundry bills of sale on record to conceal ownership; and that, just before the first suit, a purported mortgage had been filed in favor of R. V. Hunt Smith, in furtherance of such fraudulent scheme.

At the close of testimony, the court rendered judgment for plaintiff, on peremptory instruction, for the soda fountain, and, on jury answers involving the balance of fixtures, adjudged that plaintiff take nothing. This appeal is by the Fosters and T. H. Smith, as to that part of the judgment decreeing to plaintiff all right, title and interest in and to the soda fountain; in other words, the principal error here assigned is the trial court's peremptory instruction to such effect.

This soda fountain was purchased from McKesson-Crowdus Drug Company on August 25, 1934, and installed in Cafe Drug Store, 2207 Hall Street, where the business continued to operate until 1938 when the store, by the same name and with all fixtures, moved to 3214 Thomas Avenue, where the personalty remained during the succeeding material dates. The initial transaction for the fountain was on credit, and handled by T. H. Smith, who signed the mortgage and note as proprietor, "Cafe Drug Store"; the collateral mortgage made to C. J. DeWoody for the cash payment ($422) was likewise signed by T. H. Smith; and so, also, was the release of the DeWoody mortgage made to said Smith, "Proprietor." The credit manager for McKesson-Crowdus, further testifying for plaintiff, stated that the DeWoody note was paid by T. H. Smith's own checks and cash; also, that Smith said he was the owner of Cafe Drug Store at the time. In brief, this evidence and the financial statement of Smith to Butler Brothers, made in 1939, is all the record reveals as the basis of the court's instruction to the jury concerning the particular property.

On the other hand, the substance of defensive testimony was that, in 1934, the Cafe Drug Store was owned by Tim S. Smith, a brother, the soda fountain being bought by T. H. Smith who managed the store, and paid for out of store revenues, or by the succeeding owner, R. V. Hunt, a widow, in 1936. The following transfers of the store in question, together with stock and fixtures, including the soda fountain, appear in evidence, duly filed: Bill of sale from T. H. Smith to R. V. Hunt, June 30, 1936, for cash and assumption of DeWoody note and balance due McKesson-Crowdus, among other debts; R. V. Hunt to Henry Ford, June 1, 1937, cash and mortgage (transfer being witnessed by T. H. Smith); Henry Ford to Angie Lyons, March 10, 1938, cash and assumption of debt; Angie Lyons to R. V. Hunt, October 24, 1939, consideration being cancellation of notes previously executed by Henry Ford; R. V. Hunt to Maurice Foster, Sr., October 31, 1939, for cash and notes. This R. V. Hunt married T. H. Smith in December, 1936, but continued to use her former name in business matters, and was otherwise known as Mrs. T. H. Smith, or Mrs. R. V. Hunt Smith. She testified that in purchasing Cafe Drug Store in June, 1936, her own money was paid out; also of paying off the soda fountain liens with proceeds of her separate property. The Fosters were using all fixtures in a business at 3212 Thomas at the time of the constable's levy, and following each bill of sale above mentioned, the transferee secured from the proper authority, City, State and Federal, licenses to sell tobaccos and liquors, by certificates duly posted in the store in the name of the then owner.

Defense testimony was adduced that appellee, Butler Brothers, in June, 1936, had sold to T. S. Smith, Cafe Drug Store, sundry bills of merchandise; that their salesman knew this business was not owned by T. H. Smith; and the latter testified as being manager of the store for the various owners from 1934 up to the Maurice Foster sale; that he never had any interest in the store or fixtures; was at all times working on a salary, and had signed the mortgage for the soda fountain as "Proprietor," by which he meant manager of the store.

██ The above synopsis of testimony demonstrates clearly that fact questions resulted for the jury's determination of whether the soda fountain was first bought by T. H. Smith with his own moneys, or whether he had any interest therein when sold by the constable; and the court should not have excluded this item from his general charge. A bill of sale was never made to T. H. Smith, and the mortgage papers executed by him constitute no impediment to the introduction of parol evidence re-

garding ownership, the action here being by a third party.

The judgment under review will be reversed and this cause remanded for trial on issues appropriate to said soda fountain.